FUJIWARA AND ROSENBAUM, LLLC

ELIZABETH JUBIN FUJIWARA 3558
JOSEPH T. ROSENBAUM 9205
1100 Alakea St., 20th Fl., Ste B
Honolulu, Hawaii 96813
Telephone: 808-203-5436

Attorneys for Plaintiff
KRISTILYN MAKEKAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTILYN MAKEKAU, | ) CIVIL NO. 21-00267 JMS-RT |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) FIRST AMENDED COMPLAINT; |
| vs. | ) DEMAND FOR JURY TRIAL |
| | ) |
| CHARTER COMMUNICATIONS, | ) |
| LLC dba SPECTRUM, a foreign profit | ) |
| corporation; JOHN DOES 1-10; JANE | ) |
| DOES 1-10; DOE CORPORATIONS | ) |
| 1-10; DOE PARTNERSHIPS 1-10; | ) |
| DOE UNINCORPORATED | ) |
| ORGANIZATIONS | ) |
| 1-10; and DOE GOVERNMENTAL | ) |
| AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

FIRST AMENDED COMPLAINT

COMES NOW Plaintiff KRISTILYN MAKEKAU [hereinafter referred to as "MS. MAKEKAU"], by and through her counsel, ELIZABETH JUBIN FUJIWARA and JOSEPH T. ROSENBAUM of Fujiwara and Rosenbaum, LLLC, and complains against the above-named Defendants alleges and avers as follows:

## I.  NATURE OF CASE

1. The basis of this case is, *inter alia*, employment discrimination at CHARTER COMMUNICATIONS, LLC dba SPECTRUM (hereinafter "CHARTER") for their not providing a reasonable accommodation and failing to engage in the legally required "interactive process" to see if a reasonable accommodation could be found.

## II. JURISDICTION

2. MS. MAKEKAU brings this action pursuant, including, but not limited to, the Americans with Disabilities Act Amendment Act of 2008, 42 U.S.C. §§12111-12117, for violation of her civil rights under the United States Constitution to obtain full and complete relief and to redress the tortious conduct described herein.

3. At all times relevant herein, MS, MAKEKAU was a male citizen of the United States and resident of the City and County of Honolulu.

4. At all times relevant herein, Defendant CHARTER

COMMUNICATIONS, LLC is a private corporation incorporated in the State of Delaware.

5. Defendants JOHN DOES 1-100, JANE DOES 1-100, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10, and DOE GOVERNMENTAL AGENCIES 1-10 are sued herein under fictitious names because their true names, identities and capacities are unknown to the MS. MAKEKAU, except that they are connected in some manner with Defendants, and are/were agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment and/or were in some manner presently unknown to the MS. MAKEKAU engaged in the activities alleged herein and/or were in some way responsible for the injuries or damages to the MS. MAKEKAU, which activities were a proximate cause of said injuries or damages to the MS. MAKEKAU.  MS. MAKEKAU has made good faith and diligent efforts to identify said Defendants, including interviewing individuals with knowledge of the claims herein. At such time as their true names and identities become known, the MS. MAKEKAU will amend this Complaint accordingly.

6. All Defendants will be collectively referred to as "DEFENDANTS".

7. All events done by Defendants described herein occurred within the City and County of Honolulu, State of Hawaii, and within the jurisdiction and venue of the Untied States Federal District Court for the District of Hawai'i.

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Jurisdiction and Venue are proper in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant claim occurred within this District and because at least one Defendant resides in this District.

### III. STATEMENT OF FACTS

10. MS. MAKEKAU was hired by CHARTER's predecessor on or about January 3, 2011.

11. MS. MAKEKAU is an obese woman who has a long history of diabetes and hypertension which has resulted in physical limitations including, but not limited to, physical limitations related to her diabetes-related neuropathy in her feet and hands.

12. MS. MAKEKAU's diabetes and related neuropathy limits her ability to walk, talk, see, work and generally function in her day-to-day activities.

13. CHARTER management was aware of MS. MAKEKAU's diabetes including Ms. Robin Tokunaga.

14. MS. MAKEKAU would have to be assisted by her supervisors, Melissa Ah Yat, Prudence Quebatay, Summer Fujioka with candy and/or sugary drinks when she was having diabetic episodes in the workplace.

15. In or about January 2018, MS. MAKEKAU was told she would be required to park at an offsite parking lot and would then need to catch a shuttle to the office provided by the company.

16. Reluctant to do this due to her disability and the pain in her feet from the neuropathy, MS. MAKEKAU spoke with supervisor, Robin Tokunaga, and asked for a reasonable accommodation in being able to park on site at the office.

17. Ms. Tokunaga responded that MS. MAKEKAU had to do it and that they couldn't make any accommodations for her or they would have to accommodate everyone else.

18. On or about February 1 and 2, 2018, MS. MAKEKAU got rides to the office and didn't have to use the shuttle.

19. On February 5, 2018, MS. MAKEKAU parked at the offsite parking lot and was injured getting onto the shuttle.

20. MS. MAKEKAU reported her injuries to supervisor, Lark Klimek.

21. Ms. Klimek had MS. MAKEKAU speak with a nurse over the

phone who then directed MS. MAKEKAU to go to a workman's compensation doctor.

22. After that phone call, MS. MAKEKAU went straight to the Workstar Injury Recovery Center.

23. A Workstar Doctor examined MS. MAKEKAU's injury and she was placed off duty.

24. MS. MAKEKAU was on workman's compensation from February 5, 2018 on.

25. On July 28, 2018, MS. MAKEKAU had a consultation with Surgeon Dr. Kan, who determined she needed surgery.

26. However, due to her underlying disability, MS. MAKEKAU is still waiting for medical clearance.

27. CHARTER has a 6-month deadline to return to work policy from the time of MS. MAKEKAU's leave.

28. CHARTER's inflexible leave return policy required MS. MAKEKAU to return to work on or before been August 5, 2018.

29. On August 3, 2018, MS. MAKEKAU submitted a request for an extension of her leave as an accommodation for her disability.

30. CHARTER flatly denied MS. MAKEKAU's request for an extension of her leave.

31. CHARTER did not engage MS. MAKEKAU in any interactive process to see if an accommodation could be found for her.

32. On August 5, 2018, MS. MAKEKAU received a certified letter in the mail stating she had been terminated because she had not returned to full duty within 6 months from the time she was placed on leave due to the injury.

33. MS. MAKEKAU was then placed on a recall list for the next 6 months which would allow her to return without losing her seniority if she was released for full duty and there was a position available.

34. Upon approaching the 6-month deadline of the recall list, MS. MAKEKAU submitted her 2nd request for an extension of her leave and the recall list policy which was also flatly denied without any interactive process to see if an accommodation could be found.

35. MS. MAKEKAU filed her Charge of Discrimination with the EEOC on or about April 25, 2019.

36. Ms. MAKEKAU received her "Right to Sue letter" from the EEOC on or about March 12, 2021.

Count I
Disability Discrimination

37. MS. MAKEKAU incorporates paragraphs 1 through 36 as though fully set forth herein.

38. The denial of MS, MAKEKAU's reasonable accommodation,

as described aforesaid, evidences a discriminatory environment towards MS. MAKEKAU at Charter Communications, LLC.

39. An employer shall not discriminate against an employee based on disability under the Americans with Disabilities Act Amendment Act (ADAAA), 42 U.S.C.A. § 12112 et al.

40. Charter Communications, LLC's conduct as described above is a violation of the ADAAA.

41. The aforementioned acts and/or conduct of Charter Communications, LLC entitles MS. MAKEKAU to damages as provided by law. As a direct and proximate result of said unlawful employment practices MS. MAKEKAU has suffered extreme mental anguish, outrage, depression, great humiliation, severe anxiety about her future and her ability to support himself, as well as painful embarrassment among her relatives and friends, damage to her good reputation, disruption of her personal life, loss of enjoyment of the ordinary pleasures of everyday life and other general damages in an amount which meets the minimal jurisdictional limits of this Court.

## REQUEST FOR RELIEF

WHEREFORE, MS, MAKEKAU respectfully prays that this Court enter judgment granting the following relief on all causes of action:

A. That this Court enter a declaratory judgment that Defendants

have violated the rights of MS. MAKEKAU;

      B.     That this Court award MS. MAKEKAU special damages for the aforementioned Counts including but not limited to back pay, front pay, and all employee benefits that would have been enjoyed by her, in amounts which shall be shown at trial;

      C.     That this Court award MS. MAKEKAU compensatory damages, proximately caused by CHARTER's tortious and abusive conduct, including, but not limited to, general damages for mental or emotional distress, assessed against CHARTER, all in an amount to be proven at trial;

      D.     That this Court award MS. MAKEKAU exemplary or punitive damages in an amount to be proven at trial;

      E.     That this Court award MS. MAKEKAU reasonable attorney's fees and costs of suit herein as well as prejudgment and post-judgment interest;

      F.     That this Court order appropriate injunctive relief.

      G.     That this Court retain jurisdiction over this action until Charter Communications, LLC has fully complied with the order of this Court and that this Court require the Defendants to file such reports as may be necessary to secure compliance;

      H.     That this Court award MS. MAKEKAU Charter such other and further relief both legal and equitable as this Court deems just, necessary and

proper under the circumstances.

          DATED: Honolulu, Hawaii, June 11, 2021.

                        /s/ Joseph T. Rosenbaum
                        ELIZABETH JUBIN FUJIWARA
                        JOSEPH T. ROSENBAUM
                        Attorneys for Plaintiff
                        KRISTILYN MAKEKAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTILYN MAKEKAU,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC dba SPECTRUM, a foreign profit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10,<br><br>Defendants. | CIVIL NO. 21-00267 JMS-RT<br>(Other Civil Action)<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Comes now, Plaintiff KRISTILYN MAKEKAU, by and through her attorneys, Elizabeth Jubin Fujiwara and Joseph T. Rosenbaum at Fujiwara and Rosenbaum, LLLC and hereby demands trial by jury on all issues triable herein. This demand is made pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the records and files herein.

-2-

DATED: Honolulu, Hawaii, June 11, 2021.

/s/ Joseph T. Rosenbaum
ELIZABETH JUBIN FUJIWARA
JOSEPH T. ROSENBAUM
Attorneys for Plaintiff
KRISTILYN MAKEKAU