1130717v3

WATANABE ING LLP
A Limited Liability Law Partnership

RONALD Y.K. LEONG          #1194
LANI NARIKIYO               #4826
ROSS T. SHINYAMA            #8830
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawai'i 96813
Telephone:  (808) 544-8300
Facsimile:  (808) 544-8399
E-mails:    rleong@wik.com
            lnarikiyo@wik.com
            rshinyama@wik.com

Attorneys for Defendant
**CHARTER COMMUNICATIONS, LLC**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KRISTILYN MAKEKAU, | CIVIL NO. 21-00267 JMS-RT |
| Plaintiff, | **DEFENDANT CHARTER COMMUNICATIONS, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [Dkt. 35]; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE** |
| vs. | |
| CHARTER COMMUNICATIONS, LLC dba SPECTRUM, a foreign profit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, | |
| | Hearing: |
| | Date:      January 23, 2023 |
| | Time:      10:00 a.m. |
| | Judge:     J. Michael Seabright |
| Defendants. | |
| | Trial Date:  March 14, 2023 |

# **TABLE OF CONTENTS**

A.    Each Denial of a Request For Accommodation Is a Separate and Discrete Act.  The "Continuing Violation" Theory is Inapplicable and Denial of Makekau's Request to Park On-Site is Time-Barred............1

B.    Makekau Cannot Demonstrate That She Was A Qualified Individual Who Could Perform the Essential Functions of Her Job With Reasonable Accommodation..................................................................6

    1.    Makekau's declaration now that she could have returned to work and perform the essential functions of her position with accommodation is directly contrary to her own doctor and her own sworn statements, and such a sham affidavit cannot create a genuine issue of material fact that she was a qualified individual. ..................................................................................7

    2.    Makekau's reliance on her doctor's note dated January 25, 2019 is misplaced and disingenuous.................................................11

C.    No Reasonable Accommodation Was Possible  .................................13

D.    Conclusion .......................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barnett v. U.S. Air, Inc.*,
   228 F.3d 1105 (9th Cir. 2000) (en banc), vacated on other grounds,
   535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002) ....................................13

*Campos v. Steves & Sons, Inc.*,
   10 F.4th 515 (5th Cir. 2021) ...............................................................................11

*Cherosky v. Henderson*,
   330 F.3d 1243 (9th Cir. 2003) ...............................................................................2

*Dark v. Curry Cnty.*,
   451 F.3d 1078 (9th Cir. 2006) .............................................................................14

*EEOC v. Ford Motor Co.*,
   782 F.3d 753 (6th Cir. 2015) ...............................................................................14

*Elmenayer v. ABF Freight Sys., Inc.*,
   318 F.3d 130 (2nd Cir. 2003) .................................................................................2

*Elzeneiny v. Dist. Of Columbia*,
   125 F. Supp. 3d 18 (D.D.C. 2015) ..........................................................................2

*Hudson v. MCI Telecomms. Corp.*,
   87 F.3d 1167 (10th Cir. 1996) .............................................................................15

*Jackson v. Simon Property Group, Inc.*,
   795 F.Supp.2d 949 (N.D. Cal. 2011) ....................................................................10

*Jacobs v. N.C. Admin. Office of the Courts*,
   780 F.3d 562 (4th Cir. 2015) ...............................................................................14

*Jessup v. Barnes Grp., Inc.*,
   23 F.4th 360 (4th Cir. 2022) ................................................................................11

*Kennedy v. Allied Mut. Ins. Co.*,
   952 F.2d 262 (9th Cir. 1991) .................................................................................9

*Kennedy v. Applause, Inc.*,
   90 F.3d 1477 (9th Cir.1996) .................................................................9

*Kramer v. Tosco Corp.*,
   233 Fed.Appx. 593 (9th Cir. 2007).....................................................13

*Larson v. United Natural Foods West Inc.*,
   518 Fed. App'x. 589 (9th Cir. 2013) ...................................................15

*Mayers v. Laborers' Health & Safety Fund of North America*,
   478 F.3d 364 (D.C. Cir. 2007), abrogated on other grounds by
   *Green v. Brennan*, 578 U.S. 547, 136 S. Ct. 1769, 195 L. Ed. 2d 44
   (2016) .................................................................................................1, 2

*Morgan v. Nat'l R.R. Passenger Corp.*,
   232 F.3d 1008 (9th Cir. 2000), aff'd in part, rev'd in part, 536 U.S.
   101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)................................2, 3

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002)........................................................................3, 4, 5

*Otto v. City of Victoria*,
   685 F.3d 755 (8th Cir. 2012) ...............................................................8

*Owens-Hart v. Howard Univ.*,
   220 F. Supp. 3d 81 (D.D.C. 2016).......................................................1

*Porter v. California Dep't of Corr.*,
   419 F.3d 885 (9th Cir. 2005) .........................................................3, 4, 5

*Puckett v. Porsche Cars N. Am., Inc.*,
   165 F.3d 917 (9th Cir. 1998) .............................................................10

*Puckett v. Porsche Cars of N. Am., Inc.*,
   976 F. Supp. 957 (D. Nev. 1997).......................................................10

*Skillsky v. Lucky Stores, Inc.*,
   893 F.2d 1088 (9th Cir.1990) .............................................................16

*Stern v. St. Anthony's Health Ctr.*,
   788 F.3d 276 (7th Cir. 2015) ..............................................................14

*Tobin v. Liberty Mut. Ins. Co.*,
   553 F.3d 121 (1st Cir. 2009) ................................................................1

*Tsuji v. Kamehameha Sch.*,
   154 F. Supp. 3d 964 (D. Haw. 2015), aff'd, 678 F. App'x 552 (9th
   Cir. 2017) ...........................................................................................13

*Van Asdale v. Int'l Game Tech.*,
   577 F.3d 989 (9th Cir. 2009) ................................................................9

*Weeks v. Union Pac. R.R. Co.*,
   137 F. Supp. 3d 1204 (E.D. Cal. 2015) ...............................................12

*Wulff v. Sentara Healthcare, Inc.*,
   513 F. App'x 267 (4th Cir. 2013) ......................................................8, 9

*Yonemoto v. McDonald*,
   114 F. Supp. 3d 1067 (D. Haw. 2015) .................................................12

*Yonemoto v. Shinseki*,
   3 F. Supp. 3d 827 (D. Haw. 2014) ....................................................4, 5

*Yonemoto v. Shulkin*,
   725 F. App'x 482 (9th Cir. 2018) ........................................................12

## Statutes

42 U.S.C. § 12111(8) ...............................................................................6

## DEFENDANT CHARTER COMMUNICATIONS LLC'S
## REPLY MEMORANDUM

Defendant Charter Communications, LLC (hereinafter "Charter"), files this

Reply Memorandum in response to *Plaintiff's Memorandum in Opposition to*

*Defendant Charter Communications, LLC's Motion for Summary Judgment*, filed

January 2, 2023 [Dkt. 41] ("Opp.") and in support of its *Motion for Summary*

*Judgment*, filed October 12, 2022.  [Dkt. 35] ("Motion").

**A. Each Denial of a Request For Accommodation Is a Separate and Discrete Act.  The "Continuing Violation" Theory is Inapplicable and Denial of Makekau's First Request is Time-Barred.**

It is well settled that each request for an ADA accommodation constitutes a

separate and discrete alleged discriminatory act.  *Owens-Hart v. Howard Univ.*,

220 F. Supp. 3d 81, 94 (D.D.C. 2016) (Holding a renewal of a request for a

particular accommodation may constitute a "new 'discrete act' of discrimination if

the employer again denies his request" because "each denial [is] a discrete act that

... [forms] the basis for a separate claim of discrimination and carrie[s] with it a

new statute of limitations."); *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 131, 132

(1st Cir. 2009) (Finding denial of a request for accommodation "starts the clock

running on the day it occurs. …Such a denial is a discrete discriminatory act that,

like a termination, a refusal to transfer, or a failure to promote, does not require

repeated conduct to establish an actionable claim."); *Mayers v. Laborers' Health &*

*Safety Fund of North America*, 478 F.3d 364 (D.C. Cir. 2007) (finding that an

1

employer's failure to provide special tools to the plaintiff for her arthritis was "a discrete act of discrimination"), abrogated on other grounds by *Green v. Brennan*, 578 U.S. 547, 136 S. Ct. 1769, 195 L. Ed. 2d 44 (2016); *Elzeneiny v. Dist. Of Columbia*, 125 F. Supp. 3d 18, 35 (D.D.C. 2015) (applying *Mayers* and *Morgan* to hold that failures to accommodate are properly categorized as discrete discriminatory acts).  *See also Cherosky v. Henderson*, 330 F.3d 1243, 1246–47 (9th Cir. 2003), (holding that denial of employees' request for respirators under the Rehabilitation Act was a discrete act of discrimination under *Morgan*); *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 134 (2nd Cir. 2003) (holding that denial of a Muslim truck driver's request for religious accommodation was a discrete act under Title VII, explaining "the clear message … is that an employer performs a separate employment practice each time it takes adverse action against an employee.").

The alleged denial of Makekau's requests for accommodation are clearly separate and distinct acts.  They are separate and distinct in time, subject matter, and scope.  Her first request in January 2018 was to park on-site.  Her second request in August 2018 was to extend her leave.  Her third request in 2019 was to remain on the recall list.

Makekau concedes that her EEOC charge alleging discrimination based on the denial of her request to park on-site was filed outside of the 300-day filing

period.  However, Makekau argues that "although 300 days past [sic] before Ms. Makekau filed for the denial of her parking accommodation, it should still be allowed under the 'continuing violation' theory."  Opp., p. 17.  Contrary to Makekau's contention, the continuing violation doctrine is not applicable to her claim.

As Makekau acknowledges, the continuing violation doctrine is applicable to hostile work environment claims.  The two cases she relies on  (*Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008 (9th Cir. 2000), aff'd in part, rev'd in part, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) and *Porter v. California Dep't of Corr.*, 419 F.3d 885 (9th Cir. 2005)) apply the continuing violation doctrine to hostile work environment claims; i.e. as Makekau states, (1) "Generally, **under the continuing violations doctrine**, discriminatory conduct contributing to **a hostile work environment claim**, but falling outside of the statutory time period for filing a claim, may be considered by the Court for purposes of determining liability.  *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116-117 (2002)."  (Opp., p. 17 (emphasis added)) and (2) "**In determining whether particular events are part of the same actionable hostile work environment claim**, the Court considers 'whether they were sufficiently severe or pervasive, and whether the earlier and later events amounted to the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the

3

same managers.' *Porter*, 419 F.3dd at 893 (quoting *Morgan*, 536 U.S. at 116)."

(emphasis added) (original emphasis removed).  Opp. p. 18-19.

Makekau's claim is **not** a hostile work environment claim.  It is a disability

discrimination claim.  *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 846 (D. Haw.

2014) (Finding that an employee's untimely disability discrimination claim under

the Rehabilitation Act was wholly separate from his retaliation and hostile work

environment claims set forth in his EEOC complaint, and were not likely or

reasonably related to those claims).  *See* First Amended Complaint filed June 11,

2021 [Dkt. 5].  Makekau has never alleged a hostile work environment claim.  SOF

28.  Makekau also fails to cite to any case that applies the continuing violation

doctrine to a disability discrimination claim.

Accordingly, when Makekau argues that her EEOC charge alleging denial of

her request to park on-site was timely filed based on the considerations set forth in

Porter to determine whether events are part of a hostile work environment claim

(e.g. the denial to park on-site was severe and resulted in her injuries, denials

happened relatively frequently, etc. (Opp. p. 19)), Makekau improperly conflates

her claim for disability discrimination based on separate and discrete instances of

alleged denials of requests for accommodation with a claim for hostile work

environment which she has not and has never pled.  Makekau's attempt to

shoehorn the alleged facts of her discrimination claim into the legal analysis of a

completely different and inapplicable hostile work environment claim must be rejected. *Yonemoto v. Shinseki*, 3 F. Supp. 3d at 846.

Furthermore, even assuming *arguendo* that Makekau had pled a hostile work environment claim (which she has not), the cases she relies on instruct that "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *Porter*, 419 F.3d at 893 (quoting *Morgan*, 536 U.S. at 113); Opp. p. 18.

Therefore, the denial of her first request to park on-site is a separate and discrete act, not timely filed, and thus properly dismissed.[1] See *Porter,* 419 F.3d at 893 (sorting the plaintiff's allegations between discrete acts and non-discrete acts, categorizing the denial of plaintiff's requests for vacation or holiday as discrete acts, and sexual propositions and angry remarks as non-discrete acts, and only considering only the non-discrete acts in determining whether plaintiff's sexual harassment hostile work environment claim was timely); *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 845 (D. Haw. 2014) (discussing *Porter*, 419 F. 3d at 894, and

---

[1] Makekau argues that "[i]f the court determines that Ms. Makekau's claim is time-barred, the Court should recognize that his [sic] claims are evidence that may still constitute relevant background information to Ms. Makekau's disability discrimination claim as stated in her First Amended Complaint." Opp., p. 19.  This is improperly addressed as part of the instant motion.  Relevancy and the exclusion of such evidence are matters properly taken up in motions in limine and at trial.

5

stating that "merely asserting otherwise untimely discrete acts as part of a hostile

work environment claim does not make them timely.")

### B. Makekau Cannot Demonstrate That She Was A Qualified Individual Who Could Perform the Essential Functions of Her Job With Reasonable Accommodation.

In support of her position that she was a qualified individual who could perform

the essential functions of her job with reasonable accommodation, Makekau argues

that "For approximately 7 years, [she] had no issue performing her essential job

functions even though she had the same disabilities" (Opp. p. 11) and that she

could have returned to work if she had been provided an  accommodation, such as

returning on limited duty or for limited hours, or with periodic breaks to stand up

and/or sit down, etc.  Opp. p. 11.  Even assuming *arguendo* for purposes of this

motion that the essential functions are as Makekau describes and that Makekau had

been performing such functions for years with no issue with the same disabilities,

at the time Makekau's employment was terminated in August 2018, Makekau

could not have returned to work to perform the essential functions of her job with

reasonable accommodation.  Accordingly, Makekau was not a qualified individual.

42 U.S.C. § 12111(8).

**1. Makekau's declaration now that she could have returned to work and perform the essential functions of her position with accommodation is directly contrary to her own doctor and her own sworn statements, and such a sham affidavit cannot create a genuine issue of material fact that she was a qualified individual.**

Makekau's declaration describes a number of possible accommodations, any one of which she contends would have enabled her to return to work to perform her job. Makekau Declaration ¶¶40, 52. However, as discussed *infra*, her assertions now that these accommodations would have enabled her to perform her job and she could have returned to work are directly contrary to her own doctor who had put her completely off work and her own previously sworn statements that she was disabled and could not work.

From the date of her injury on February 5, 2018, up through and including her termination on August 6, 2018, Makekau was placed completely off work by her doctor. SOF 7, 15. In her sworn answers to interrogatories, when asked to identify every job she has held since the ending of her employment with Charter, Makekau answered "None". SOF 27. When asked to describe her efforts to obtain employment since the ending of her employment with Charter, including any jobs for which she applied, Makekau categorically answered "I am disabled and have been unable to work." SOF 27. In her subsequent sworn deposition testimony, Makekau maintained that she has never worked in any capacity since February 5, 2018, has never received a full medical release to return to work, and remains

7

unable to work today.  SOF 24.  ("And to this day you have no full medical release to return to work…?" "Correct." Tr. 179: 3-5; "And you have not worked in any capacity since August – since actually February 5, 2018, correct?" "That's correct." Tr. 179:9-11; "In your answer to Interrogatory Number 12 says, I am disabled and have been unable to work, correct?" "Correct." "…Based upon your testimony today that continues to be true and correct up until the present?" "Yes, sir." Tr. 199:16 – 23.)  Makekau does not dispute these facts.  Makekau Concise Statement of Facts [Dkt. 42], 7, 15, 24, 27.  Accordingly, prior to Charter's Motion, by her own account, Makekau was unable to work and could not have returned to work to perform the essential functions of her job with reasonable accommodation and was not a qualified individual at the time.

Furthermore, consistent with her doctor's notes and her previous statements, Makekau did not seek to return to work and only sought an extension of leave. SOF 11.  Makekau did not request or raise the possibility of any other form of accommodation.  *Id*.

Even if Makekau had sought to return to work in some modified capacity at that time (which she did not), the ADA does not require an employer to permit an employee to perform a job function contrary to the employee's physician's medical judgment. *Otto v. City of Victoria*, 685 F.3d 755, 758-59 (8th Cir. 2012); see *Wulff v. Sentara Healthcare, Inc*., 513 F. App'x 267, 270-72 (4th Cir. 2013).  An

8

employer may rely on the restrictions set by the employee's physician even if the employee (a) contends that the restrictions are overstated, misleading, or incorrect (b) or attempts to discredit the note or form providing the restrictions. See *Wulff*, 513 F. App'x at 271.

Accordingly, Makekau cannot seek now, by her declaration, to create a genuine issue of material fact that she was a qualified individual. The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting her prior deposition testimony. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989 (9th Cir. 2009); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

The Ninth Circuit and other district courts in this circuit have previously affirmed summary judgment where plaintiff's sworn testimony ran contrary to previous assertions of disability and opinions from plaintiff's medical providers. In *Kennedy v. Applause, Inc.*, 90 F.3d 1477 (9th Cir.1996), the Ninth Circuit Court affirmed summary judgment based on the plaintiff's claims of total disability. The plaintiff's deposition testimony was found to be "belied by her detailed and definite sworn statements to the contrary on her disability claim forms." *Id*. at 1481. The court ruled that because her deposition testimony "contradicted" her prior sworn statements and the medical evidence, her deposition testimony "does not present a sufficient disagreement to require submission to a jury." *Id*. at 1481.

In *Puckett v. Porsche Cars of N. Am., Inc.*, 976 F. Supp. 957 (D. Nev. 1997), aff'd sub nom. *Puckett v. Porsche Cars N. Am., Inc.*, 165 F.3d 917 (9th Cir. 1998), the plaintiff stated at her deposition that she was only unable to perform one function of her job despite doctor's notes and sworn statements on disability forms indicating total disability.  The United States District Court of Nevada found that there was no material issue of fact regarding whether plaintiff was a qualified individual with a disability where "at the time of her termination, [Plaintiff] was totally disabled as evidenced by her sworn statements…and her doctors' notes taken at the time she was off work." *Id*. at 965-66 (Explaining that termination "was not unreasonable since at the time she was fired it was unclear when Puckett would return and in what capacity, and Porsche did not have a duty to keep Puckett's position open indefinitely.").

In *Jackson v. Simon Property Group, Inc.*, 795 F.Supp.2d 949, 960-961, (N.D. Cal. 2011), the United States District Court for the Northern District of California granted summary judgment for the employer where the plaintiff's assertions that he was a qualified individual contradicted the medical evidence and plaintiff's prior statements.  In *Jackson,* the plaintiff presented his employer with several Work Release forms stating that he was unable to return to work in any capacity in addition to sending numerous emails stating that his injury was not healing and confirming that he could not work at all.  795 F.Supp.2d at 952-55.  In

opposing the employer's motion for summary judgment, the plaintiff argued that

he could have "worked a part time schedule, or performed tasks that do not involve

heavy-lifting, and that as a result, he was not totally disabled and should have been

accommodated." *Id*. at 959. The court reasoned that "[t]he undisputed evidence

indicated that the plaintiff could not perform any of his job functions, let alone the

disputed 'essential' ones." *Id*. at 961. Accordingly, the plaintiff was not a

qualified individual because at the time of termination "the medical documents

indicated that plaintiff was not able to work at all." *Id*. at 962.

Other circuits also have affirmed summary judgment in the employer's favor

where plaintiff's subsequent declaration directly contradicted previous assertions

of disability and/or inability to work and medical evidence. *See Jessup v. Barnes

Grp., Inc.*, 23 F.4th 360, 367 (4th Cir. 2022); *Campos v. Steves & Sons, Inc.*, 10

F.4th 515 (5th Cir. 2021).

As in the above cases, Makekau's declaration that she could have returned to

work if provided one of various possible accommodations is directly contrary to

her doctor and her own previous sworn statements, and cannot be relied on to

create a genuine issue of material fact that she was a qualified individual.

## 2. Makekau's reliance on her doctor's note dated January 24, 2019 is misplaced and disingenuous.

Makekau argues that her ability to return to work with a reasonable

accommodation is reflected in her limited return to work doctor's note that was

provided to Charter.  Opp. p. 16.  Initially, this doctor's note is dated January 24, 2019, six months after her termination, and thus does not address her ability to return to work at the time of her termination.  Makekau CSF Exhibit 4.  The law is clear that it is Makekau's ability to perform her job at the time of the request for accommodation that is relevant.  See *Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1117 (D. Haw. 2015), aff'd sub nom. *Yonemoto v. Shulkin*, 725 F. App'x 482 (9th Cir. 2018); *Weeks v. Union Pac. R.R. Co.,* 137 F. Supp. 3d 1204, 1217 (E.D. Cal. 2015).

Furthermore, even when considered with respect to her request to extend her time on the recall list in January 2019, Makekau herself testified the January 2019 release to Modified Duty was against her doctor's advice and promptly retracted by her doctor because he "really didn't advise me to do it in the first place". SOF 22.

Her attempt now to rely on this doctor's note to demonstrate that she could have returned to light duty work and requested to do so is further belied by the fact that she never raised this doctor's note or any request to return to work based on such note in either her EEOC charge (SOF 28) or her First Amended Complaint.

Makekau's characterization now that this doctor's note constituted a fourth request for accommodation which Charter denied also is time-barred and cannot be

12

part of her claim for disability discrimination in this action having never been
raised in her EEOC charge.  Motion, Section IV(A).

**C. No Reasonable Accommodation Was Possible**

There is no stand-alone claim for failure to engage in the interactive process.
*Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc), vacated on
other grounds, 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002).  Rather,
employers who fail to engage in the interactive process in good faith, face liability
for the remedies imposed by the statute **if a reasonable accommodation would
have been possible**.  *Id.*  (emphasis added).

Furthermore, failure to engage in the interactive process is not itself
evidence of failure to reasonably accommodate.  *Kramer v. Tosco Corp.*, 233
Fed.Appx. 593, 596 (9th Cir. 2007).  There must first exist a reasonable
accommodation that will enable the employee to perform the essential functions of
the position.  *Id*.  This Court has found that "given [a] conclusion that Plaintiff was
not a *qualified* individual with a disability, [the employer] cannot be liable for
failing to engage in any interactive process."  *Tsuji v. Kamehameha Sch.*, 154 F.
Supp. 3d 964, 978 (D. Haw. 2015), aff'd, 678 F. App'x 552 (9th Cir. 2017).

Other circuits have similarly precluded an employee from recovery where
that employee has not demonstrated the existence of a reasonable accommodation
that would have allowed them to perform the essential functions of the position.

13

*See, e.g., Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 293 (7th Cir. 2015) ("an employer's failure 'to engage in the required [interactive] process ... need not be considered if the employee fails to present evidence … on the question of whether she was able to perform the essential functions of her job with an accommodation.'" (alterations in original ) (quoting *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013) ) ); *EEOC v. Ford Motor Co.*, 782 F.3d 753, 766 (6th Cir. 2015) (noting that if an employee fails to create a jury question as to a reasonable accommodation, the employer will not be liable "[e]ven if [the employer] did not put sufficient effort into the 'interactive process' of finding an accommodation"); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 581 (4th Cir. 2015).

As discussed above and in Charter's Motion for Summary Judgment, there was no reasonable accommodation that would have enabled Makekau to perform the essential functions of her position.  Motion, pp. 13-16.  Makekau contends that she is not arguing that an indefinite leave is a reasonable accommodation (Opp. p. 16), but as presented, her request was one for an indefinite duration. SOF 11.  A request for leave where recovery time is unspecified and with no end-date cannot be interpreted in any other way.  This Circuit has found such an accommodation to be unreasonable.  See e.g. *Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006) (noting that "recovery time of unspecified duration may not be a reasonable

14

accommodation (primarily where the employee will not be able to return to their former position and cannot state when and under what conditions he could return to work at all)"); *Larson v. United Natural Foods West Inc.*, 518 Fed. App'x. 589, 591 (9th Cir. 2013) ("An indefinite, but at least six-month long, leave of absence … so that he might eventually be physically qualified … is not a reasonable accommodation."); *Hudson v. MCI Telecomms. Corp.*, 87 F.3d 1167 (10th Cir. 1996) ("[F]or a requested accommodation to be reasonable, the plaintiff must present evidence of the impairment's expected duration, and not the duration of the leave request.").

Moreover, to the extent Makekau argues disability discrimination includes not making reasonable accommodations to the known physical limitations of **an otherwise qualified individual** with a disability unless the employer can demonstrate that the accommodation would impose an undue hardship (Opp. p. 12-13) Makekau was not a qualified individual (Reply, Section B) and her requested accommodation was not reasonable (Reply, Section C).  Accordingly, any argument that Charter would not have suffered an undue hardship in accommodating Makekau's request is foreclosed by Makekau's status as an unqualified individual.[2]

---

[2] Makekau also asserts that she was made aware that another Charter employee was granted an extension of leave past the Charter 6-month leave policy.  Opp. p. 16.  This is complete hearsay and inadmissible.  Even when viewed in the light

### D. Conclusion

For the reasons set forth herein and in its Motion, Charter respectfully

requests that this Court grant summary judgment in its favor.

Dated:  Honolulu, Hawaiʻi, January 9, 2023.

/s/ Ross T. Shinyama
RONALD Y.K. LEONG
LANI NARIKIYO
ROSS T. SHINYAMA
Attorneys for Defendant
**CHARTER COMMUNICATIONS, LLC**

---

most favorable to plaintiff, this bald assertion, devoid of any factual context (such as length and basis for extension), is insufficient grounds to create a genuine issue of material fact regarding the extended leave that Makekau requested as an accommodation.  *See Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1091 (9th Cir.1990) ("[L]ike affidavits, deposition testimony … not based on personal knowledge is hearsay [and] is inadmissible and cannot raise a genuine issue of material fact sufficient to withstand summary judgment").